Dear Mr. Autin:
In your capacity as General Counsel for the Greater Lafourche Port Commission ("Port Commission"), you ask this office for an opinion on whether and how the Port Commission can take ownership of an abandoned trailer discovered on property under the control of the Port Commission. Alternatively, if the Port Commission cannot legally take ownership of the trailer, you ask how the Port Commission should divest itself of the trailer.
You provide the following facts to our office for consideration: The Port Commission harbor police discovered the trailer at issue on property under the control of the Port Commission in July of 2010. The Port Commission took possession of the trailer and attempted to contact the owner of the trailer, to no avail. The Port Commission has published advertisements, in accordance with La.R.S. 33:2333(2)(b), describing the trailer and calling upon the owner to claim the trailer. The trailer is currently in working condition.
Louisiana Revised Statutes 33:2333 generally provides for the disposition of stolen property recovered by a police department, as well as property seized by or relinquished to a police department. La.R.S. 33:2333.
 The provisions of this Section shall apply to all stolen property recovered by any police department and all property lawfully seized by or voluntarily relinquished to any police department the disposition of which is not otherwise provided for by local and state law.
La.R.S. 33:2333(A). The statute provides the lawful procedures by which a municipal police department should dispose of abandoned property. La.Atty.Gen.Op. 94-238. *Page 2 
It appears that the Port Commission is relying on the fact that the trailer was discovered by the harbor police in order to take advantage of the procedures outlined in La.R.S. 33:2333. As noted in your opinion request, the Port Commission has the authority to appoint harbor police under the control and direction of the Port Commission. La.R.S. 34:1652.1. Within the boundaries of the property within the jurisdiction of the Port Commission, the harbor police have the same authority enjoyed by sheriffs of the state with regard to making arrests, executing and returning criminal warrants, and acting as peace officers. Id. We acknowledge that La.R.S. 33:2333 governs the disposition of abandoned property that is recovered by "any police department," and that the harbor police might qualify as such. La.R.S. 33:2333(A).
Nevertheless, statutory construction must aim to attribute reasonable meaning to an entire statutory framework and context.McGee v. Police Jury of Caddo Parish,63 So.2d 153 (La.App. 2d Cir. 1953). Louisiana Revised Statutes33:2333 is found in Part III, Chapter 4, Title 33 of the Louisiana Revised Statutes, which concerns municipal police departments. As noted above, harbor police wield authority concurrent with the sheriffs of the state — not the municipal police departments — within the jurisdiction of the Port Commission. Furthermore, as matter of strict literal interpretation, there is no harbor police "department" contemplated by La.R.S. 34:1652.1; the statute only refers to individual harbor police. We are therefore constrained to interpret the procedures outlined in La.R.S. 33:2333 as being available only to property recovered by municipal police departments. See, e.g., La.Atty.Gen.Op. No. 08-0162.1[1] Therefore, the Port Commission cannot dispose of abandoned property using the procedure set forth in La.R.S. 33:2333.
Even if the Port Commission could dispose of property in accordance with La.R.S. 33:2333, the statute would not authorize the commission to take ownership of the trailer. The statute specifically requires that the abandoned property be given to a nonprofit organization if possible, and if not, that it shall be sold at public auction, salvaged or destroyed:
 The first disposition of such property shall be that all appropriate and usable property shall be given to nonprofit youth facilities or to any other nonprofit organization. Thereafter, all remaining usable property shall be *Page 3 
disposed of by publicly advertised auction held in compliance with relevant laws governing public auctions. If any property is determined to be unusable, it shall be sold to a salvage company or destroyed.
La.R.S. 33:2333(B)(2)(a). We find no provisions by which the Port Commission can take ownership of abandoned property.
This office is therefore of the opinion that the Port Commission cannot take ownership of the abandoned trailer discovered on property under its control under La.R.S. 33:2333. The Port Commission should surrender the abandoned trailer to the local municipal police department for disposition in accordance with La.R.S. 33:2333.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Charles W. Belsom, Jr. Assistant Attorney General
 JDC.CWB: Irs
[1] Cf. La.Atty.Gen.Op. No. 81-961-A. Opinion 81-961-A advised that a sheriff could dispose of abandoned property in accordance with La.R.S. 33:2333. That opinion did not directly address which law enforcement authorities are authorized to dispose of abandoned property in accordance with La.R.S. 33:2333. To the extent that Opinion No. 81-961-A conflicts with this opinion, the conflicting provisions of Opinion No. 81-961-A are recalled.